

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2007

# Ould Bah Nagi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ould Bah Nagi v. Atty Gen USA" (2007). *2007 Decisions.* Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 06-1015

MOHAMED OULD BAH NAGI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review from an Order of the
Board of Immigration Appeals
(D.C. No. 0312-2: A95-961-829)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2007

BEFORE: FISHER, STAPLETON and COWEN, Circuit Judges

(Filed: November 5, 2007)

OPINION

COWEN, Circuit Judge.

Petitioner Mohamed Ould Bah Nagi is a citizen and native of Mauritania. He

entered the United States in 2001 but overstayed his tourist visa. Removal proceedings

commenced in 2003. Nagi raised claims of political asylum, withholding of removal and Convention Against Torture ("CAT") relief. The Immigration Judge ("IJ") rejected Nagi's claims, finding Nagi not credible and aspects of his testimony implausible. The IJ also found Nagi's asylum application to be untimely. A single member of the Board of Immigration Appeals ("BIA") affirmed. This petition followed.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). Where the BIA affirms and adopts the decision of the IJ, we will review the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). The IJ's factual findings and credibility determinations are reviewed under the "substantial evidence" standard. Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006). Findings will be upheld as long as they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). Administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Chen v. Attorney General, 491 F.3d 100, 109 (3d Cir. 2007).

On appeal, Nagi argues: (1) his asylum claim is not time-barred; (2) the IJ's adverse credibility determination was not based on substantial evidence; and (3) the one-member BIA disposition of his case was procedurally improper.

Nagi claims that he will be arrested and tortured upon his return to Mauritania. He testified that he is well-known to the Mauritanian government as a vocal leader of

2

"Conscience and Resistance" ("C&R"), an opposition political party. Nagi claims that he was previously arrested in 1993 and 1995 in connection with his organization, and participation in 2 student strikes. He testified that he was beaten and tortured both times, and held for 8 days in 1993 and 2 days in 1995. Despite these experiences, Nagi did not fear returning to Mauritania until June 2003, when the Mauritanian government quashed an attempted military coup. He claims hearing from various family members in early 2004 that the police had gone to his house in Mauritania looking for him, and that a formal summons had been issued for his arrest.

We note that the scope of our review is limited to Nagi's withholding and CAT claims. The IJ determined that Nagi did not file his asylum application within the one-year limitations period[1] and this delay was not excused by changed circumstances in Mauritania. We are without jurisdiction to review the denial of Nagi's asylum claim. 8 U.S.C. § 1158(a)(3) ("[n]o court shall have jurisdiction to review any determination of the Attorney General [as to timeliness of asylum application or changed circumstances]"); Tarawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

We conclude the IJ's adverse determination is based on substantial evidence. While some of the enumerated bases for the IJ's finding do not go to the heart of Nagi's claims,[2] see Chukwu v. Attorney General, 484 F.3d 185, 189 (3d Cir. 2007)

---

[1] Nagi entered in the U.S. in 2001 and did not file for political asylum until 2003.

[2] For instance, minor discrepancies in the recall of dates as to when Nagi first met Yessa (his political mentor) in 1987, when Yessa was arrested for political activism,

3

(inconsistencies must pertain to central aspects of petitioner's claim), there is in the hearing transcripts and the written decision ample support for her conclusions. For example, Nagi claimed on the one hand that he was well-known by the Mauritanian government as a vocal opposition leader since 1998, but on the other that the government unilaterally offered him paid employment at its embassy in the U.S. Nagi actually worked for the Mauritanian Embassy from 2002 to 2003. Furthermore, Nagi testified that he did not fear returning to Mauritania until one week after the June 2003 coup when he heard that the government was arresting and torturing opposition leaders, including a leader of C&R. However, his own testimony and supporting documentation also indicate that the only C&R leader detained was not actually arrested until November 2003.[3] By Nagi's own description, C&R claims 50 members worldwide and its only public political activities include one distribution of flyers in 1998 and one organized demonstration in 2001. Nagi was in France from 1995 to 2001 and his own testimony described only indirect C&R involvement with both activities. Nor was Nagi present for the demonstration.

We cannot say that the IJ's findings of implausibility were not grounded in the record. The IJ's adverse credibility determination was not based on impermissible

---

when Yessa left Mauritania, and when the Conscience and Resistance website was launched are not material to Nagi's claims of persecution and torture.

[3] Even then, it was unclear as to whether that individual was arrested because of his involvement with C&R or because of his alleged participation in an attempted political coup.

4

conjecture or speculation but supported by "specific, cogent reasons." See Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

There is no basis for disturbing the IJ's conclusion that Nagi failed to establish a well-founded fear of persecution. It follows that the IJ did not err in denying Nagi's withholding claim. See Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004) ("an applicant who does not qualify for asylum also does not qualify for withholding of removal"). Likewise, the IJ's conclusion that Nagi failed to carry his burden to show that "it is more likely than not that he ... would be tortured" if returned to Mauritania was not in error. 8 C.F.R. § 208.16(c)(2); Tarrawally, 338 F.3d at 187.

There is no merit to Nagi's contention that the BIA erred in not submitting his case to a three-member panel. The relevant regulations require disposition by a single board member unless the case falls under one of the enumerated exceptions. 8 C.F.R. § 1003.1(e); § 1003.1(e)(4), (5) (single member may affirm with or without opinion); § 1003.1(e)(6)(i)-(vi) (criteria for assignment to BIA panel). Since Nagi's BIA appeal was focused on the IJ's factual findings, findings which were not clearly erroneous, the one-member BIA affirmance was procedurally proper.


For the foregoing reasons, the petition for review will be denied.